**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
|                                       :     Civil Action No.  13-5663 (FLW)
RONALD STANDOWSKI,                      :
                                        :     **OPINION**
                     Plaintiff,         :
                                        :
          v.                            :
                                        :
CAROLYN W.  COLVIN,                     :
Acting Commissioner of Social Security, :
                                        :
                     Defendant.         :
_____ :

**WOLFSON, United States District Judge**:

Plaintiff Ronald Standowski ("Plaintiff") moves for an award of attorney's fees against the Acting Commissioner of Social Security ("Commissioner"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 (a), (d), as a result of this Court remanding the Administrative Law Judge's ("ALJ") decision denying Plaintiff disability benefits under Title II of the Social Security Act ("SSA").  In her opposition, the Commissioner contends that Plaintiff's fee motion should be denied, because her position in the underlying litigation was substantially justified; in the alternative, the Commissioner argues that, even if this Court determines that an award of attorney's fees is appropriate, the amount requested is unreasonable and should be reduced. For the reasons set forth below, the Court finds that the position of the Commissioner taken in the underlying appeal was substantially justified. Thus, the Court will not award attorney's fees to Plaintiff and therefore, his motion is **DENIED**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 2, 2010, Plaintiff applied for Social Security Disability Insurance Benefits. Administrative Record 22 ("A.R."). Thereafter, Plaintiff's application and his application for

reconsideration were denied. A.R. 77-81, 83-85. Plaintiff then requested a hearing before an ALJ, in which Plaintiff appeared *pro se*. A.R. 32-59, 86-87. On January 25, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. A.R. 15-16, 20-26. On July 26, 2013, the ALJ's decision became the final decision of the Commissioner, after the Appeals Council denied Plaintiff's request for review. A.R. 1-7. On September 23, 2013, Plaintiff, who was now represented by counsel, sought judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Thereafter, this Court remanded Plaintiff's disability determination because the ALJ did not consider all of the medical evidence, nor did she adequately account for Plaintiff's severe impartments, in Step 4 of the RFC determination. *See* Opinion (dated January 29, 2015) ("Op."), at 20-24.

On April 27, 2015, Plaintiff filed the instant motion for attorney's fees and costs under the EAJA, 28 U.S.C. § 2412(a), (d). Plaintiff claims that, since he received a favorable outcome, as a prevailing party under the EAJA, he is entitled to attorney's fees and other associated expenses. Specifically, Plaintiff seeks attorney's fees of $10,666.50, paralegal fees of $1,393.75, and costs of $12.42, for a total of $12,072.67. The fees are based on 54.70 of billable time at an hourly rate of $195.00, and 11.5 hours of paralegal time at an hourly rate of $125.00.

In its response, the Commissioner argues that its position asserted in the underlying appeal was substantially justified and, thus, Plaintiff is not entitled to any fees. In the alternative, the Commissioner argues that, if attorney's fees are appropriate, the requested amount of $12,072.67 should be reduced.

## II.    STANDARD OF REVIEW

Concerned "that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by

threatening them with costly litigation, Congress enacted the EAJA." *Pierce v. Underwood*, 487 U.S. 552, 575 (1988). In doing so, Congress "waived the United States' sovereign and general statutory immunity to fee awards and creat[ed] a limited exception to the 'American Rule' against awarding attorneys fees to prevailing parties." *Id*. Consequently, pursuant to the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A).

As a prerequisite to an award of attorney's fees, however, a court must find: (1) plaintiff timely submitted an application for attorney's fees and the requested amount is reasonable; (2) plaintiff was the prevailing party in the underlying action against the United States; and (3) the position of the United States in the underlying action was not substantially justified, nor do special circumstances make an award unjust. *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir. 1994); *see also* 28 U.S.C. § 2412(d)(1)(A). The burden of showing substantial justification lies with the Commissioner; indeed, the Commissioner will not meet its burden by "merely . . . adduc[ing] 'some evidence' in support of its position." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985). Rather, the Commissioner's position in the underlying action must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565 (quotations omitted).

III.   **ANALYSIS**

   A.   **THE COMMISSIONER'S POSITION IN THE UNDERLYING ACTION WAS SUBSTANTIALLY JUSTIFIED**

Plaintiff contends that "the government's position was not substantially justified" because "[t]his court agreed that the Defendant committed legal error and entered an[] Opinion and Order in favor of the Plaintiff, reversing and remanding the Commissioner's decision on July 23, 2013."

Plaintiff's Motion for Award of Attorney Fees, at 17. The Commissioner does not dispute that Plaintiff is a prevailing party; rather, the Commissioner contends that Plaintiff is not entitled to attorney's fees because "its position [in the underlying appeal] was substantially justified and not devoid of legal or factual support." Commissioner's Memorandum of law in Opposition to Plaintiff's Motion for Attorney's Fees ("Commissioner's Opposition Brief"), at 6. The Court finds that the Defendant has met its burden of showing substantial justification.

The Third Circuit has held that substantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." *Washington*, 756 F.2d at 961 (citing *Dougherty v. Lehman*, 715 F.2d 555, 563 n.12 (3d Cir. 1983)). As such, in order to meet its burden of substantial justification, the Commissioner must show that her position in the underlying litigation contained the following:  "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id*. at 961 (citing *Natural Resources Defense Council v. EPA*, 703 F.2d 700, 708 (3d Cir. 1983)). Stated differently, "an agency position is substantially justified if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citation omitted). Importantly, the Commissioner's position can have a reasonable basis in both law and fact, even if a court remanded the ALJ's decision because it was not supported by substantial evidence. *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998).

In the underlying appeal, Plaintiff sought to remand the ALJ's decision on four separate grounds, contending that: (1) the ALJ improperly evaluated objective evidence in determining Plaintiff's severe impairments; (2) the ALJ improperly evaluated subjective evidence in determining Plaintiff's credibility; (3) the ALJ erred in evaluating Plaintiff's past relevant work;

and (4) the ALJ's RFC analysis was insufficient. *See* Op. at 18-34.  This Court rejected the first three grounds; however, in remanding the ALJ's decision to deny disability benefits, the Court found dispositive two issues with the ALJ's RFC analysis: (1) the ALJ failed to consider the opinion of Plaintiff's primary care physician, Dr. McKenna, who opined that Plaintiff was totally disabled, and (2) the ALJ did not adequately address Plaintiff's severe impairments of obesity, asthma, and depression. *Id*.  Nonetheless, as to each of these reasons, the Commissioner points to evidence in the record showing that its position in the underlying appeal was substantially justified. First, the Commissioner argues, here, that the ALJ did not consider Dr. McKenna's opinion in fashioning her decision because the doctor's report was submitted by Plaintiff after the decision was rendered.[1]  Commissioner's Opposition Brief, at 6.  This Court did not have the benefit of considering that argument since it was not made in the underlying appeal.  In hindsight, the ALJ could not have reviewed Dr. McKenna's opinion when assessing Plaintiff's RFC.  In that regard, the Commissioner was justified in making the argument, in the underlying appeal, to discount Dr. McKenna's report when determining Plaintiff's RFC analysis.

As to the Court's conclusion that the ALJ's RFC analysis was insufficient, the record indicates that the ALJ discussed Plaintiff's depression, obesity, and asthma, and whether these severe impairments would affect Plaintiff's ability to work, in Steps 2, 3, and 4 of her sequential analysis, respectively. A.R. 22-23, 26. Specifically, the ALJ cited to some evidence in the record

---

[1] Indeed, the Commissioner's initial brief, on which the Court relied in deciding the underlying appeal, never indicated that Dr. McKenna's opinion was issued after the ALJ rendered his decision. Instead, the Commissioner merely contended that Dr. McKenna's medical opinion was not entitled to any controlling weight because the doctor opined that Plaintiff was totally disabled, a determination necessarily reserved for the Commissioner.  In fact, Plaintiff also did not clarify in his briefing that the Dr. McKenna's report was submitted after the ALJ's decision.  Without that knowledge, the Court ultimately rejected the Commissioner's argument in light of *Morals v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

suggesting that Plaintiff could perform his past relevant work, despite his depression. Moreover, the ALJ stated in her opinion that she considered Plaintiff's asthma and obesity. *Id.* However, because the ALJ's discussion of Plaintiff's aforementioned impairments lacked sufficient reasoning as to fulfill the ALJ's obligation under *Burnett v. Comm'r of Soc. Sec. Amin.*, 220 F.3d 112, 121 (3d Cir. 2000), the Court ultimately remanded the decision. Indeed, the Court's decision in that regard was a close question. Thus, the Commissioner's legal position taken in that context, in light of the record, did not "clearly offend[] established precedent," *see Washington*, 756 F.2d at 962, nor was it lacking in factual support. Rather, the position was reasonable since there was medical support to posit that the ALJ's RFC analysis was based on substantial evidence. Therefore, the Commissioner was substantially justified in opposing the remand, and as a result, Plaintiff is not entitled to fees. Having made that determination, the Court need not determine the reasonableness of Plaintiff's fee request.

## IV.   Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion for attorney's fees pursuant to the EAJA in its entirety.


Dated: May 9, 2016


/s/         Freda L. Wolfson
Freda L. Wolfson
United States District Judge